**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2036
_____

In re: JERSEY CITY COMMUNITY HOUSING CORP.,
Debtor
_____

CITY OF JERSEY CITY,
Appellant
_____

108 STORMS JC, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-22-cv-05277)
District Judge: Honorable John M. Vazquez (Ret.)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 16, 2024

Before: SHWARTZ, MATEY, and PHIPPS, *Circuit Judges.*

(Filed: March 25, 2024)
_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

The City of Jersey City ("Jersey City") contracted with developer Jersey City Community Housing Corporation ("JCCH") to build affordable housing. But the project languished, remaining unfinished after nearly a decade. Foreclosure proceedings, then bankruptcy, ensued. The Bankruptcy Court allowed the property to be sold free and clear to a third party. Jersey City now contests the sale, but we see no error and will affirm.

**I.**

In 2004, Jersey City and JCCH entered into a development agreement for multi-unit housing. Jersey City conveyed two properties to JCCH. One, "the Storms Ave. property," is the subject of this appeal. The properties included 30-year affordable housing deed restrictions, which set a cap on the rental price for units and the incomes of the potential renter pool. The restrictions "run[] with the land," binding "all subsequent Purchasers" of the property. App. 196. And the restrictions survive a "judgment of Foreclosure." App. 197.

The development was supposed to be "rent out ready" by May 2011 but remained incomplete by 2019, prompting Jersey City to start foreclosure proceedings in state court. In March 2021, Jersey City was awarded a Foreclosure Judgment for $773,006.01, with $125,408.53 allocated toward the Storms Ave. property.[1]

---

[1] The other property Jersey City conveyed to JCCH, "the Bergen Ave. property," was allocated the remaining $647,597.48.

But before the property could be sold in foreclosure, JCCH filed for Chapter 11 bankruptcy. JCCH as debtor then moved to sell the Storms Ave. property free and clear under 11 U.S.C. § 363(b)(1) for $675,000. Controversy followed: there were competing appraisals[2] and the purchaser company, operated by Anne-Marie Griffiths, was just two weeks old. Jersey City objected to the sale.

The Bankruptcy Court allowed the sale to proceed ("Sale Order"). The Court found that the proposed sale of the Storms Ave. property was in JCCH's "best interests" and that JCCH had "articulated sound business reasons" for the sale. App. 496. The price "constitute[d] reasonably equivalent value," App. 496, and the purchasing entity acted "in good faith," App. 497, and was "assured all the protections afforded" by statute, App. 498. While the Storms Ave. property could be sold to Griffiths "free and clear of all liens, claims, interests and encumbrances," App. 498, the Sale Order contained a catchall provision that "[n]otwithstanding anything to the contrary contained herein, the low and moderate income affordability requirements contained in the Foreclosure Judgment shall remain in full force and effect." App. 499.

Jersey City appealed the Sale Order to the District Court, and JCCH moved to dismiss the appeal as statutorily moot under bankruptcy's good-faith buyer provision, 11

---

[2] The property had been appraised in July 2022 at $1,040,000 "as-is." App. 7. But this appraisal did not consider the deed restrictions. A ten-month-old appraisal of $400,000 at 50-percent complete was also submitted to the Bankruptcy Court.

U.S.C. § 363(m).[3] The District Court granted JCCH's motion to dismiss and, in the alternative, affirmed the Bankruptcy Court on the merits. Jersey City timely appeals.[4]

## II.

Jersey City seeks to reinstate the affordable housing deed restrictions and redistribute the sale proceeds.[5] We find neither argument persuasive.

## A.

Jersey City is correct that a § 363 sale order cannot extinguish the deed restrictions. *See* 11 U.S.C. § 363(f). But as the Sale Order concludes: "Notwithstanding anything to the contrary contained herein, the low and moderate income affordability requirements contained in the Foreclosure Judgment shall remain in full force and effect."[6] App. 499. As ordinarily read, the Sale Order maintains the deed restrictions

---

[3] The provision allows a sale or lease to be reversed or modified so long as it 1) "does not affect the validity of a sale or lease" to 2) someone who purchased the "property in good faith," 3) unless the "sale or lease w[as] stayed pending appeal." 11 U.S.C. § 363(m).

[4] The District Court had jurisdiction under 28 U.S.C. § 158(a)(1); we have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review the District Court's ruling de novo, *In re Pursuit Cap. Mgmt., LLC*, 874 F.3d 124, 133 n.14 (3d Cir. 2017), the Bankruptcy Court's legal determinations de novo, and its findings of fact for clear error, *id.*

[5] These two changes to the Sale Order Jersey City seeks fail on their merits, so we do not address their statutory mootness. Jersey City also seeks to displace Griffiths as the purchaser of the Storms Ave. property, but that is clearly a "central element" of the deal, *In re Pursuit*, 874 F.3d at 139 (citation omitted), "that would claw back the sale from a good-faith purchaser" and affect the sale's validity, *In re ICL Holding Co.*, 802 F.3d 547, 554 (3d Cir. 2015).

[6] Jersey City is also incorrect that the Foreclosure Judgment Order lacks an appropriate cross-reference to the restrictions which are available in the Registrar of Deeds as listed in the Foreclosure Judgment Order and omitted from the discharged liens in the Sale Order.

4

through this final sentence and the Foreclosure Judgment Order can be recorded as a "[d]ocument[] affecting real property," N.J. Stat. Ann. § 46:26A-2(h), along with the "restrictions affecting the real property or its use," N.J. Stat. Ann. § 46:26A-2(k). Additionally, the Bankruptcy Court understood the restriction as one "that runs with the land," App. 709, and Griffiths herself understood that the property she was purchasing included the deed restrictions. All showing the deed restrictions were left in place.

**B.**

Jersey City also argues that the Sale Order inappropriately limited its recovery to $125,408.53. We disagree.

In New Jersey, a "mortgage merges into the final judgment of foreclosure." *Customers Bank v. Reitnour Inv. Props., LP*, 181 A.3d 1038, 1045 (N.J. Super Ct. App. Div. 2018) (citations omitted). The mortgage contract is then extinguished and all contract rights in the mortgage "merge" into the final foreclosure judgment. *Id.* (citing *In re Roach*, 824 F.2d 1370, 1377 (3d Cir. 1987)). Courts may adjust a final judgment for, among others,[7] any "reason justifying relief from the operation of the judgment or order."

---

[7] Acceptable reasons include:
(a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence . . . which by due diligence could not have been discovered in time to move for a new trial . . . ; (c) fraud . . ., misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

N.J. Ct. R. 4:50-1.

N.J. Ct. R. 4:50-1(f). While 4:50-1(f)'s "boundaries are as expansive as the need to achieve equity and justice," *Ct. Inv. Co. v. Perillo*, 225 A.2d 352, 356 (N.J. 1966), courts have limited it to "relief in *exceptional* situations," *id.* (emphasis added); *see also Hous. Auth. of Morristown v. Little*, 639 A.2d 286, 292 (N.J. 1994).

Jersey City argues that it would have asked the state court to apply 4:50-1(f) and increase its recoverable amount. And because of the equitable interests at play and the broad discretion of bankruptcy courts, Jersey City argues it would not be "uncommon" for courts to use this provision to amend a final foreclosure judgment. Opening Br. 44–45.

But Jersey City identified only $125,408.53 of the total sought in foreclosure with the Storms Ave. property, leaving the largest chunk of funds to the Bergen Ave. property. And the Bankruptcy Court found that Jersey City "let [the Bergen Ave. property] go . . . for a fraction of its value" in an "informed business decision." *In re Jersey City Cmty. Hous. Corp.*, No. 21-15863-JKS, 2023 WL 3250267, at *11 (D.N.J. May 4, 2023) (citation omitted). Meaning Jersey City has "only itself to blame if it is out of pocket." *Resol. Tr. Corp. v. Griffin*, 674 A.2d 1032, 1035 (N.J. Super. Ct. Ch. Div. 1994). These circumstances are not so "exceptional" as to appropriately invoke 4:50-1(f).

As Jersey City's challenge to the Foreclosure Judgment Order would not prevail in state court, its challenge to the Sale Order on this issue is also without merit.

\* \* \*

For these reasons, we will affirm.

6